FILED IN CHAMBERS
U.S.D.C. - Atlanta
MAR 2 2 2019
James N. Hatten, Clerk
By: [signature] Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

PATRICE HAIRSTON,
Movant,

v.

UNITED STATES OF AMERICA,
Respondent.

CRIMINAL ACTION NO.
1:13-CR-199-ODE-1

## ORDER

Presently before the Court is the Magistrate Judge's Report and Recommendation, [Doc. 250], (R&R) recommending that the instant 28 U.S.C. § 2255 motion to vacate, [Doc. 193], be denied. Movant has filed her objections in response to the R&R. [Doc. 252].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard.

Movant was convicted in this Court on April 17, 2014, after a jury determined that she was guilty of four counts of fraud and conspiracy to commit fraud in connection with her participation in a mortgage loan scheme. [Doc. 104]. "In broad terms, [Movant] and her coconspirators induced various lenders to fund fraudulent

mortgages by supplying them with false loan applications and supporting documentation in the names of straw borrowers." United States v. Hairston, 627 Fed. Appx. 857, 858 (11th Cir. 2015). After receiving a sentence of sixty-four months, she appealed, and on September 30, 2015, the Eleventh Circuit affirmed. Id. She then filed the now-pending § 2255 motion, raising three grounds of ineffective assistance of trial counsel and one ground of ineffective assistance of appellate counsel.

In the R&R, the Magistrate Judge comprehensively reviewed Movant's claims and arguments and concluded that she has not demonstrated that she is entitled to relief. In her first claim of ineffective assistance of counsel, Movant contends that her trial counsel missed important evidence and did not properly argue that the Government had not demonstrated her guilt. As the Magistrate Judge pointed out, however, Movant failed to point to any deficiency on the part of her trial counsel, and she has not demonstrated prejudice under the test announced by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).

Movant next claims that her trial counsel was ineffective in failing to properly convey the terms of a plea deal to her. The Magistrate Judge found, however, that Movant had failed to argue in support of this claim other than to assert that her counsel should have argued more forcefully that the Government would not be able to prove that she engaged in racketeering, thus forcing the Government to make a

mortgages by supplying them with false loan applications and supporting documentation in the names of straw borrowers." United States v. Hairston, 627 Fed. Appx. 857, 858 (11th Cir. 2015). After receiving a sentence of sixty-four months, she appealed, and on September 30, 2015, the Eleventh Circuit affirmed. Id. She then filed the now-pending § 2255 motion, raising three grounds of ineffective assistance of trial counsel and one ground of ineffective assistance of appellate counsel.

In the R&R, the Magistrate Judge comprehensively reviewed Movant's claims and arguments and concluded that she has not demonstrated that she is entitled to relief. In her first claim of ineffective assistance of counsel, Movant contends that her trial counsel missed important evidence and did not properly argue that the Government had not demonstrated her guilt. As the Magistrate Judge pointed out, however, Movant failed to point to any deficiency on the part of her trial counsel, and she has not demonstrated prejudice under the test announced by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).

Movant next claims that her trial counsel was ineffective in failing to properly convey the terms of a plea deal to her. The Magistrate Judge found, however, that Movant had failed to argue in support of this claim other than to assert that her counsel should have argued more forcefully that the Government would not be able to prove that she engaged in racketeering, thus forcing the Government to make a

AO 72A
(Rev.8/82)

better plea offer. However, because Movant was not charged with racketeering, the claim fails.

The Magistrate Judge found that Movant's final claim of ineffective assistance of trial counsel, regarding his performance at the sentencing hearing, was mostly conclusory. The non-conclusory portion of this claim related to the loss amount as calculated by this Court under the Sentencing Guidelines, about which she raises two arguments. The first argument is that the lenders who were the victims of her fraudulent activities did not suffer any losses because they were able to sell the properties at a foreclosure auction for the full amount of the outstanding debt. This Court addressed that issue during the sentencing hearing, [Doc. 168 at 17-18], and concludes that Movant has not demonstrated that the loss amount was incorrectly calculated.[1]

Movant's second argument is that the losses were not realized "during the temporal scope of the alleged conspiracy." In response, this Court agrees with the

---

[1] Movant has filed a motion for this Court to order the Government to present its information regarding the loss amount, as of the date that the conspiracy ended, on a spreadsheet. [Doc. 244]. However, the motion is due to be denied. Having reviewed the loss amount information submitted by the Government in preparation for the sentencing hearing, this Court finds that the submission is clear. This Court further notes that, as is discussed below, Movant is responsible for the losses that her victims incurred as a result of her actions regardless of whether the victims realized the losses before or after the conspiracy ended.

3

Magistrate Judge that there is no temporal limitation in calculating loss amount under the Guidelines, and the argument is unavailing.

In response to Movant's claims of ineffective assistance of appellate counsel, the Magistrate Judge properly concluded that the claims "fail because she had no reasonable likelihood of success on appeal, regardless of the claims raised by appellate counsel." [Doc. 250 at 33].

In her objections, Movant first quibbles with the Magistrate Judge's summary of the evidence and claims that her actions were not fraudulent. These arguments are unavailing because, as the Magistrate Judge discussed at length, [see Doc. 250 at 16-18], the jury found beyond a reasonable doubt that the Government had proven that Movant committed the elements of fraud and conspiracy to commit fraud under 18 U.S.C. §§ 1341, 1343, 1349. Movant has not presented new evidence of her innocence, and her own interpretation of her behavior is not convincing, and it does not indicate that Movant is entitled to relief.

Movant next asserts that the Magistrate Judge erred in stating that she failed to refute the Government's contentions regarding her Speedy Trial Act claims, pointing to a footnote in her reply memorandum that she claims proves the Magistrate Judge and the Government wrong. That footnote, however, merely contains a boilerplate discussion of the Speedy Trial Act and a recitation of the dates of her arrest and her

indictment. The record reflects, however, that Movant was arrested by federal agents on the day her indictment was filed by the Government and not four years previously as she now contends. [See Doc. 7 (arrest warrant dated the same day as her indictment)].[2]

In her final argument, Movant "vigorously objects to the R&R's characterization regarding LOSS," [Doc. 252 at 4 (emphasis in original)], but she makes no substantive argument and fails to explain how the Magistrate Judge may have erred.

Having reviewed the R&R in light of Movant's objections, this Court holds that the Magistrate Judge's findings and conclusions are correct. Accordingly, the R&R, [Doc. 250], is hereby **ADOPTED** as the order of this Court, and the motion to vacate brought pursuant to 28 U.S.C. § 2255, [Doc. 193], is **DENIED**. The Clerk is **DIRECTED** to close Civil Action Number 1:16-CV-3710-ODE.

For the reasons stated above, see *supra* note 1, Movant's motion for a court order, [Doc. 244], is **DENIED**. This Court now concludes that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no

---

[2] The fact that Movant may have been previously arrested by DeKalb County Police and arraigned in state court is of no moment. The thirty-day time limit in 18 U.S.C. § 3161(b) does not apply to the period between an arrest by state officials and a federal indictment. United States v. Duke, Case No. 4:11-CR-004-HLM, 2011 WL 1811439 at *2 (N.D. Ga. Apr. 27, 2011).

AO 72A
(Rev.8/82)

relief," 28 U.S.C. § 2255(b), and Movant is thus not entitled to a hearing. See Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014). As a result, her motions for a hearing, [Docs. 215, 249], are **DENIED**. Because this Court has determined that the loss amount attributed to Movant is correct, her motion to recall the mandate, [Doc. 237], is **DENIED**. Movant's motion to reverse the stay, [Doc. 230], is **DENIED** as moot.

This Court further agrees with the Magistrate Judge that Movant has failed to make a substantial showing of the denial of a constitutional right, and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**, this 21 day of March, 2019.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)